

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NIAGARA MOHAWK POWER CORPORATION,

                Plaintiff,

          vs

CONSOLIDATED RAIL CORPORATION; THE
KING SERVICE, INC.; UNITED STATES STEEL
COMPANY; EDWIN D. KING; LAWRENCE
KING; RICHARD B. SLOTE; CHEVRON U.S.A.,    5:98-CV-1039
INC.; PORTEC, INC.; and AMERICAN PREMIER
UNDERWRITERS, INC.;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHEVRON, U.S.A., INC.,

                Third-party Plaintiff,

          vs

THE COUNTY OF RENSSELAER; and THE COUNTY
OF RENSSELAER SEWER DISTRICT NO. 1,

                Third-party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| COUNSEL: | APPEARANCES: |
|---|---|
| NIAGARA MOHAWK POWER CORPORATION<br>Plaintiff<br>300 Erie Boulevard West<br>Syracuse, New York 13202-4250 | JOHN T. PARKINSON, ESQ.<br>Managing Counsel |
| BINGHAM MCCUTCHEN LLP<br>Attorneys for Plaintiff<br>2020 K Street, N.W.<br>Washington, D.C. 20006 | MILISSA A. MURRAY, ESQ.<br>THOMAS R. LOTTERMAN, ESQ. |

MENTER, RUDIN & TRIVELPIECE, P.C.
Attorneys for Defendant Consolidated
　Rail Corporation
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498

RICHARD P. FEIRSTEIN, ESQ.
Attorneys for Defendants Lawrence King,
　Richard B. Slote, and Richard B. Slote
　as representative of Edwin D. King (deceased)
600 Broadway
Albany, New York 12207-2205

USX CORPORATION
600 Grant Street, Room 1500
Pittsburgh, Pennsylvania 15219

THE WLADIS LAW FIRM, P.C.                    KEVIN C. MURPHY, ESQ.
Attorneys for Defendant United States
　Steel Company
5795 Widewaters Parkway
Syracuse, New York 13214

POWERS & SANTOLA LLP                         PATRICK J. HIGGINS, ESQ.
Attorneys for Defendant and Third-party
　Plaintiff Chevron U.S.A., Inc.
39 North Pearl Street
Albany, New York 12207

BOND, SCHOENECK & KING                       KIMBERLEE S. PARKER, ESQ.
Attorneys for Defendant Portec, Inc.
111 Washington Avenue
Albany, New York 12210-2280

ORRICK & HERRINGTON
Attorneys for Defendant American
　Premier Underwriters, Inc.
666 Fifth Avenue
New York, New York 10103-0001

| | |
|---|---|
| OFFICE OF RENSSELAER COUNTY ATTORNEY<br>Attorney for Third-party County Defendants<br>1600 Seventh Avenue<br>Troy, NY 12180 | STEPHEN A. PECHENIK, ESQ. |

DAVID N. HURD
United States District Judge

### DECISION and ORDER

On February 24, 2010, the United States Court of Appeals for the Second Circuit issued a decision affirming in part and reversing in part orders of November 6, 2003; March 11, 2004; June 28, 2006; and July 16, 2008. <u>Niagara Mohawk Power Corp. v. Consolidated Rail Corp.</u>, 596 F.3d 112, 140 (2d Cir. 2010). The Mandate was issued on March 20, 2010, and was filed in the Northern District of New York on March 23, 2010.

In accordance with the directive of the Second Circuit,[1] it is

ORDERED that

1. The Judgment entered on June 28, 2006, is VACATED;

2. Niagara Mohawk Power Corp.'s ("Niagara Mohawk") claims for contribution against Chevron U.S.A. as to Area 2 and Area 4 are REINSTATED;

3. Niagara Mohawk's claim for contribution against Chevron U.S.A., Inc. ("Chevron") as to Area 3 remains DISMISSED;

4. Niagara Mohawk's claim for contribution against Portec, Inc. as to Area 2 is REINSTATED;

---

[1] The Second Circuit held that it was improper to grant summary judgment to King Service, Inc. Thus, the claims against King Service, Inc. would be reinstated. However, a stipulation of dismissal as to all claims against King Service, Inc., and all counterclaims by King Service, Inc. was so ordered and filed on July 8, 2008. (Order, Doc. No. 475.) Accordingly, those claims are not reinstated.

5. Niagara Mohawk's claims for contribution against United States Steel Company ("United States Steel") are REINSTATED;

6. Niagara Mohawk has established its compliance with the National Continency Plan by virtue of its adherence to the DEC Consent Decree;

7. Niagara Mohawk's claims against the defendants under the New York Navigation Law are REINSTATED only to the extent of the defendants' liability for contribution with regard to costs incurred by Niagara Mohawk to clean up and remove unlawfully discharged petroleum;

8. Niagara Mohawk's state law claims for contribution, indemnification, and unjust enrichment remain DISMISSED;

9. Chevron's claim against Rensselaer County is REINSTATED; and

10. Chevron's cross-claims for contribution against Portec, Inc. and United States Steel are REINSTATED.

The Clerk of the Court is directed to reinstate Chevron USA Inc.; Portec, Inc.; United States Steel Company; and the County of Rensselaer as parties to this action.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 30, 2010
Utica, New York.