UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

TOWN OF OYSTER BAY,

                            Plaintiff,

                     -against-

NORTHROP GRUMMAN SYSTEMS CORPORATION (f/k/a Northrop Grumman Corporation), THE UNITED STATES NAVY, and THE UNITED STATES OF AMERICA,

                            Defendants.
_____

**STATUS REPORT**

Case No. 05-CV-1945

## STATUS REPORT

By Order dated February 21, 2023, the Court (Hon. Diane Gujarati) directed the Parties to file a report on the status of this action by May 17, 2023. Following is such report prepared jointly by Plaintiff Town of Oyster Bay ("the Town") and Defendant Northrop Grumman Systems Corporation ("Northrop Grumman").

**A.    Procedural History**

This action involves claims for the recovery and allocation of costs to address environmental contamination at the Bethpage Community Park ("the Park") located in Bethpage, Nassau County, New York. Briefly, the Town's complaint (including amendments thereto) asserts claims under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and under state law, to recover costs the Town alleged it incurred to remediate environmental contamination at the Park. In turn, Northrop Grumman asserted in its answer counterclaims under CERCLA, seeking recovery from the Town for the amounts that Northrop Grumman alleged it incurred in responding to contamination at the Park (Docket Entry ("DE") 31). Both the Town and Northrop Grumman also asserted claims for contribution. The claims, counterclaims and defenses of the parties are fully outlined in the Amended Proposed Joint Pretrial Order, DE 85.

After the filing of the Joint Pretrial Order (DE 85), the parties filed motions and cross-motions for summary judgment. In May 2009, the Court (Hon. Thomas Platt) granted the motions for summary judgment of Northrop Grumman and of the co-defendants, the United States Navy and the United States of America (collectively, "the Navy"), dismissed the Town's claims under CERCLA with prejudice, and dismissed the Town's state law claims without prejudice. (DE 91, 94).

In May 2010, the Court denied the Town's motion for reconsideration (DE 106). The Court also granted the Navy's motion for reconsideration and dismissed, with prejudice, all claims that the Town asserted against the Navy. (DE 106). In July 2011, the Court denied the Town's second motion for reconsideration. (DE 112).

In July 2014, the matter was reassigned to Hon. Arthur Spatt, and a conference before the Court was held in March 2015. Following the conference, the Court issued a report and scheduled a further status conference for September 17, 2015. (DE 124).

By Order dated July 9, 2015, Judge Spatt recused himself (DE 125) and the matter was reassigned to Hon. Joan M. Azrack. The case was reassigned to this Court on December 14, 2020.

Pursuant to Orders of Judge Azrack, and subsequently this Court, the parties filed joint status reports on July 31, 2015 (DE 126), October 16, 2015 (DE 127), November 30, 2015 (DE 128), February 17, 2016 (DE 129), April 15, 2016 (DE 130), February 3, 2017 (DE 132), June 30, 2017 (DE 133), October 13, 3017 (DE 134), April 16, 2018 (DE 135), September 24, 2018 (DE 149), January 16, 2019 (DE 150), April 15, 2019 (DE 151), August 15, 2019 (DE 152), November 18, 2019 (DE 153), February 18, 2020 (DE 154), May 18, 2020 (DE 155), August 18, 2020 (DE 156), November 17, 2020 (DE 159), February 18, 2021 (DE 160), May 17, 2021 (DE 161), August 17, 2021 (DE 162), November 18, 2021 (DE 163), February 16, 2022 (DE 165), May 17, 2022 (DE 167),  August 17, 2022 (DE 168), November 17, 2022 and February 17, 2023.

### B.    Joint Efforts for Resolution

The remaining parties in this action, the Town and Northrop Grumman, have been engaged in settlement discussions that would address the Town's claims that were dismissed but could ultimately be appealed, the Town's state law claims, and Northrop Grumman's pending

2

counterclaims.

The background of this matter is that, prior to this action, the Town and the New York State Department of Environmental Conservation ("DEC") entered into a consent order. Under that consent order, the Town cleaned up approximately seven (7) acres of the eighteen (18)-acre Park in the easterly portion of the Park. The costs of this remediation were the subject of the Town's claims for clean-up costs that were dismissed.

Northrop Grumman asserted counterclaims seeking cost recovery and/or contribution for the cost of investigating and remediating soil, groundwater, and soil vapor contamination at a westerly area of the Park, designated (together with a nearby access road) by DEC as Operable Unit 3 of the Northrop Grumman – Bethpage Facility ("OU3"). In 2013, DEC issued a Record of Decision for OU3, identifying a remedy to remediate OU3 that it estimated to cost approximately $81 million (net worth cost). The remedy includes extensive remediation of metals and polychlorinated biphenyls ("PCBs"), as well as volatile organic compounds ("VOCs"). In 2014, Northrop Grumman entered into an Order on Consent with DEC providing a framework for implementation of some or all of the remedy set forth in the OU3 Record of Decision.

Initially, the parties' settlement efforts focused on the potential for modifying the remedy identified in the Record of Decision for OU3 soil contamination, which is a significant portion of the total $81 million clean-up proposed by the DEC. The cost of soil remediation is high because the remedy selected by DEC in the Record of Decision would require the excavation of soils to depths of up to thirty-five (35) feet below grade in approximately three (3) acres of the Park. This remedial activity, and the groundwater and soil vapor remediation that has been and continues to be undertaken by Northrop Grumman to address VOCs in the groundwater under

the Park, are the subject of Northrop Grumman's pending counterclaims alleging that the Town is responsible for such contamination.

The Town and Northrop Grumman discussed steps that might avoid the need for the full extent of the soil excavation posited by DEC, such as placing an impervious cap above the contamination in lieu of a soil cover, while still fully protecting public health and the environment. In the event that the DEC would accept a clean-up involving less excavation and greater surface protection, the costs of remediating OU3 could be decreased, and the prospects for resolution heightened. The parties undertook additional environmental sampling in 2015. The Town, pursuant to an agreement with DEC, investigated the extent of VOCs in groundwater and soil vapor under a section of the Park that was the location of a former ice skating rink in which Freon was used. Northrop Grumman has alleged that it has incurred clean-up costs for remediating Freon-contaminated groundwater and soil vapor. The Town alleges that the Freon resulted, at least in part, from Northrop Grumman's past disposal activities. Northrop Grumman, in a separate agreement with DEC, conducted extensive sampling to delineate with some precision the extent of soil contamination by PCBs and certain metals in the western portion of the Park.

The parties, with their consultants, reviewed the data, but concluded that DEC would not likely accept modifications to the soil remedy to the extent that it would offer the significant cost savings the parties had hoped to achieve. Moreover, involvement by the U.S. Environmental Protection Agency ("EPA") has cast further uncertainty on the effectiveness of a settlement approach premised on mutually seeking from DEC a modification in the soil remedy. Because EPA has jurisdiction over the remediation of PCBs in Park soils under the Toxic Substances Control Act, any remedy for this contamination must be approved by EPA as well as by DEC.

The process has been complicated (and thus elongated) because EPA might not approve the remedy DEC allowed in the OU3 ROD, and DEC might not approve a remedy EPA would authorize under TSCA. In addition, to more fully address agency inquiries, additional soil sampling of the PCBs in Park soils was conducted in the Fall of 2017. The results were submitted to DEC in March 2018. Over the past year, there have been discussions with regard to the PCB remediation among EPA, DEC, the Town and Northrop Grumman. In addition, Northrop Grumman has submitted studies to EPA in furtherance of the proposed remediation, which the Town has received.

Further complicating matters, the remediation of VOCs in Park soils will precede the remediation of PCBs and metals, as the VOCs extend deeper (generally from 35 to 55 feet below grade). In accordance with the DEC's ROD, VOCs have been remediated in an approximately 0.5 acre area using thermal treatment. Thermal treatment involves numerous heater wells that heat the soil and volatilize the VOCs, which are captured by vapor extraction wells and then treated. Soil sampling to determine the extent of the area to be remediated has taken place since 2014; additional sampling, beyond the area of remediation activities, has been conducted. Additional sampling was required due to the discovery in 2018 of light nonaqueous phase liquids (liquids lighter than water) to an extent not previously discovered in the contemplated area for VOC remediation, as well as the discovery in 2020 of VOCs beyond the contemplated area for VOC remediation. Based on the latest sampling results, Northrop Grumman is preparing a work plan for additional VOC remediation for DEC review and approval. The parties continue to seek to resolve disputes about the extent of additional sampling, if any, required to adequately delineate VOCs, and the extent of future remediation.

Given the complexity of the remedial process, as described above, the parties have sought to develop alternative settlement approaches, including discussions regarding (1)

5

allocation of the payment for the clean-up of OU3; (2) resolution of the claims of both the Town and Northrop Grumman for monies expended by each of them in connection with the clean-up of contamination at the Park; (3) addressing the Town's concerns about the future use of the Park; (4) development of proposals for the logistics of resuming litigation, should negotiations fail to culminate in a settlement, including proposals for limited additional discovery and supplemental expert reports, which are needed given the passage of time since the Court's granting of summary judgement dismissing the Town's claims; (5) any anticipated motions by one or both of the parties, including, but not limited to, dispositive motions; and (6) other elements of the Amended Proposed Joint Pretrial Order (DE 85) that require updating.

**C.      Future Proceedings**

In 2017, in order to preserve its rights in the event that ongoing negotiations fail to result in a settlement, Northrop Grumman was prepared to seek leave from this Court to amend its counterclaims. The basis for and scope of the proposed amendments are discussed in the parties' February 3, 2017 Status Report (DE 132). On May 16, 2017, the parties executed a tolling agreement effective through December 31, 2017. That tolling agreement has been extended several times to accommodate ongoing settlement discussions; it currently is effective through July 28, 2023. In light of the tolling agreement, Northrop Grumman has suspended its plans to seek leave to amend its counterclaims.

As noted in prior joint status reports, in 2017 the Town decided to retain new counsel to be substituted for its prior counsel, Rivkin Radler LLP. Pursuant to its own procurement guidelines as well as those set forth in New York State General Municipal Law Section 104-b, on October 11, 2017, the Town issued a Request for Proposal ("RFP") to the legal community. Due to the submissions received, as well as conflicts existing for certain other law firms, a

6

further RFP was issued on January 16, 2018, with a response due date of February 13, 2018. Following receipt of the responses to the second RFP, the Town Board selected the law firm of Young/Sommer LLC. This firm was approved as counsel for the Town subject to the execution of an appropriate retention agreement. On April 9, 2018, the Town was contacted by Young/Sommer and was advised that the firm of Young/Sommer was withdrawing from consideration as counsel for the Town prior to execution of a retention agreement. The Town subsequently approved the retention of the firm of Schiff Hardin LLP and a retention agreement was executed on June 14, 2018.

Although discussions regarding a potential resolution of this litigation were interrupted for some time while the Town procured new counsel, these efforts were subsequently renewed. Counsel for the parties have met to discuss a new framework for resolving this litigation in the context of Northrop Grumman's broader environmental remediation activities in Bethpage. Pursuant to these discussions, and at the request of the Town, Northrop Grumman has provided and continues to provide the Town's counsel with documentation regarding the extent of Northrop Grumman's prior and continuing investigations at the Park, the remediation undertaken to date, forthcoming remedial actions, and related information. The Town has retained a consultant to review this information, and has provided extensive comments to Northrop Grumman with respect to the investigation and remediation of the Park, as well as Northrop Grumman's plans to monitor during the remediation to ensure the protection of public health and safety. The parties have commenced additional settlement discussions on the basis of these exchanges of information and opinions and continue their efforts to resolve this matter, including the scope, extent, and timing of remediation of the OU3 area of the Park and the appropriate monitoring to be undertaken during the remediation. On or around September 22, 2021, the State

7

and Northrop Grumman noticed for public comment a proposed CERCLA consent decree for resolution of the State's claims against Northrop Grumman relating to certain groundwater contamination allegedly resulting from Grumman's operations at its former facility in Bethpage. The Town had reviewed the proposed consent decree and timely submitted public comments, which objected to certain provisions. The Town's objections to the proposed consent decree were addressed by the State in the final consent decree, which was approved by this Court (per Judge Nina Gershon) on August 4, 2022. The consent decree does not address the remediation at the Park, which the parties continue to discuss.

By letter dated December 16, 2022 the Town served Northrop Grumman, EPA and DEC with a Notice of citizen suit alleging violations in activities in the Park under the Resource Recovery Conservation Act, the Toxic Substances Control Act and the Clean Water Act; the Notice stated that the Town may commence litigation against those parties after ninety days from such notice (i.e., after March 16, 2023). Subsequent to the Notice, the Town suggested that it and Northrop Grumman meet in person to discuss issues raised by the Notice, after the Town had the opportunity to review a Northrop Grumman Current Conditions Report, which is an element of the EPA remedial process. EPA has indicated that it will identify any data gaps that warrant further Northrop Grumman sampling in the Park after it reviews the results of additional Town sampling in the Park conducted over the past month or so, the results of which are expected to be available in June or July 2023. The Town has indicated that the Parties should meet after the results of that sampling are available. As an aspect of this planned meeting, the parties will also continue to discuss ongoing and planned remedial activities. The Town and Northrop Grumman remain committed to ensuring that the remedy adequately protects the community and the users of the Park.

Accordingly, the parties request that the Court schedule the filing of the next status report

for August 17, 2023.

| | |
|---|---|
| Dated: New York, New York<br>May 17, 2023<br><br>By:   s/ Mark A. Chertok<br>Mark A. Chertok, Esq.<br>SIVE, PAGET & RIESEL P.C.<br>560 Lexington Avenue, 15th Floor<br>New York, NY 10022<br>Phone: (212) 421-2150<br>Fax: (212) 421-1891<br>*Attorneys for Defendants*<br>*NORTHROP GRUMMAN*<br>*SYSTEMS CORPORATION*<br>*(f/k/a Northrop Grumman*<br>*Corporation)* | Dated: New York, New York<br>May 17, 2023<br><br>By:   s/ J. Michael Showalter<br>Russell B. Selman<br>Bradley S. Rochlen<br>J. Michael Showalter<br>ARENTFOX SCHIFF LLP<br>1185 Avenue of the Americas<br>Suite 3000<br>New York, New York 10036<br>Phone:(212) 753-5000<br>Fax: (212) 753-5044<br>*Attorneys for Plaintiff*<br>*TOWN OF OYSTER BAY* |

9