

**ArentFox Schiff LLP**
1301 Avenue of the Americas
42nd Floor
New York, NY 10019

212.745.9543    **MAIN**
212.484.3990    **FAX**

**afslaw.com**

July 24, 2026

**VIA ECF**

U.S. Magistrate Judge Steven I. Locke
Eastern District of New York
100 Federal Plaza
Courtroom 820
Central Islip, NY 11722

**Matthew F. Prewitt**
Partner
312.258.5583    **DIRECT**
matthew.prewitt@afslaw.com

Re:    ___*Town of Oyster Bay v. Northrop Grumman Systems Corporation*___ **(2:05-cv-1945)**

Dear Judge Locke:

The Town of Oyster Bay (the Town) and Northrop Grumman (NG) (together, the Parties) have been working to complete discovery in advance of the August 31, 2026, deadline to complete fact depositions. (ECF No. 207). Following written correspondence and oral discussion, the Parties are at an impasse as to whether NG will produce certain documents concerning NG's effort to obtain reimbursement from the U.S. Government for the same environmental work for which NG is seeking reimbursement from the Town in this suit.

Counterclaim-plaintiff NG seeks contribution from the Town under CERCLA. NG seeks to recover from the Town a portion of the costs NG incurred in constructing and operating a groundwater treatment system and a soil vapor extraction system (the Systems). NG, a major defense contractor, also included the costs of the Systems in submittals NG made to the U.S. Government seeking to recover overhead expenses associated with defense contracts. The Town seeks documents related to NG's submissions to the Government because they quantify the costs and describe the purpose for which the work was undertaken, including the contaminants addressed and the source of the contaminants, which are the key disputed issues in NG's suit to recover the costs of these same Systems from the Town. NG refuses to produce any of these documents.

On May 21, 2026, the Town requested that NG produce documents "concerning any reimbursement, recoupment, compensation, or payment that [NG] has received from the United States Government or any insurer, including as allowable overhead or indirect costs in contracts with the United States Government, for any portion of Grumman's costs incurred to design, construct, operate, or maintain the [Systems.]"[1] On June 1, the Town wrote to NG explaining the basis for its request: NG's disclosures to the Securities and Exchange Commission stated that NG

---

[1] (Town's Request for Production No. 43, dated May 21, 2026, attached as Exhibit A, at 6.)



July 24, 2026
Page 2

expects 92 percent of its environmental remediation costs are recoverable through U.S. Government contracts.[2]

NG waited three weeks and then objected to the Town's requests as untimely.[3] NG's timeliness objection is misplaced because the same documents at issue are responsive to multiple prior Requests for Production, about which there is no timeliness dispute.[4] The Town's earlier Requests sought documents "sufficient to understand the claimed costs of site investigation, characterization, or remediation" and "concerning funds expended, budgeted, received, encumbered, or anticipated to be needed by [NG], to address Environmental Conditions at the Site." (Exh. D at 1–2). Even if the May 21 request were the first request for these documents, NG's timeliness objection still would be misplaced because there is no order setting a document discovery deadline. At the Court's March 24, 2026, conference, the Town's counsel raised that there was no case management order in place and that the Parties would do cleanup document discovery, and NG's counsel raised no objection. (Transcript at 6–7.) NG's counsel waited until the last possible day to respond to the Town's May 21 requests to raise the timeliness issue.

The Parties met and conferred on July 8 and July 13 and then exchanged further emails in an attempt to resolve this dispute.[5] NG refuses to admit or deny that it sought or received reimbursement for any of the environmental work at issue and instead has framed the issue as a hypothetical discussion of what documents might exist in the framework of the Federal Acquisition Regulations if NG had sought or received reimbursement. If NG has sought reimbursement, NG has an obligation to produce documents related to its submissions. If NG has not sought reimbursement, it could end this dispute by conclusively saying so. To date, NG has refused to make any such representation and yet also refuses to even search for, much less produce, any documents related to its submissions to the Government for cost reimbursement.[6]

Therefore, the Town moves to compel NG to produce documents exchanged with the U.S. Government regarding the cost and purpose of the Systems at issue in this case. Such documents contain discoverable information about the costs that NG claims the Town must share.

---

[2] (Town's June 1, 2026, Letter to NG, attached as Exhibit B, at 1–2.)

[3] (NG's Written Objections to Plaintiff Town of Oyster Bay's Requests for Production and Requests for Admission, dated June 22, 2026, attached as Exhibit C, at 6.)

[4] (Exh. B at 2; Town's July 10, 2026, E-mail to NG, attached as Exhibit D, at 1–2.) The Town's prior Requests for Production are attached as Exhibit E.

[5] As counsel for the Town's comments about the need for additional document discovery accurately predicted, NG produced 187,000 pages of documents on July 10, after objecting to the Town's production requests as untimely.

[6] (NG's July 17 and July 21, 2026, E-mails to the Town, attached as Exhibit F, at 1–2, 4; NG's July 2, 2026, Letter to the Town, attached as Exhibit G, at 1.)



 To receive reimbursement, NG must necessarily have told the Government how much it spent on the Systems. These statements may or may not corroborate the invoices that NG has produced to the Town to substantiate its cost claims. Further, NG likely provided at least some description of why it spent money on the Systems, particularly if NG's submissions were audited at any point. The Town's situation is analogous to when an insured or indemnitee submits a coverage claim: the Town wants to know what NG told the party footing the bill about the underlying claim. *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.*, No. 02-civ-0504, 2003 WL 22110281, at *5 (S.D.N.Y. Sept. 10, 2003) (documents collected by insurer were relevant and discoverable because insurance claim "was submitted as a result of the fire, the same event underlying this action.").

Further, these documents are relevant because they may undermine NG's equitable allocation theory. NG seeks contribution from the Town based on the allegation that the Systems remediated Freon that leaked from the Town's ice rink. NG's submissions to the Government may show that NG did not identify Freon as a contaminant being addressed by the work or adding to the cost of the work. These documents may support the Town's contention that NG did not incur any incremental costs due to the alleged presence of Freon. Further, NG's communications with the Government may show that the purpose of the Systems was to remediate contamination stemming from NG's activities, not from the Town's ice rink. In short, the absence of references to costs attributable to the remediation of Freon in NG's requests for reimbursement from the Government would provide significant support for the Town's equitable defenses.[7]

As to NG's proportionality objections, these documents should be easy to collect and produce because they are formal (and often sworn) procurement-related documents submitted to the U.S. Government. That these documents may, to some extent, duplicate invoices NG produced to the Town further supports the relevance of these documents. The Town wants to verify NG's cost claims by comparing the numbers in two different sets of documents prepared for two different purposes, a routine part of discovery in complex litigation. NG's concerns that these documents may contain confidential information can be addressed by designating the documents under the Parties' Order Regarding Confidential Information. (ECF No. 192.) *See Goodyear*, 2003 WL 22110281, at *5 (confidentiality agreement mitigated confidentiality concerns).

Respectfully submitted,

---

[7] NG's cost reimbursement documents may also be relevant to the prejudgment interest NG seeks (because it already had possession of the money), and to equitable allocation of NG's costs (for example, if NG received payment for profit factors or costs that are not recoverable under CERCLA.) *See Lockheed Martin Corp. v. United States*, 833 F.3d 225, 233–34 (D.C. Cir. 2016) (describing the district court's allocation of past costs, which was not challenged on appeal).





*/s/ Matthew F. Prewitt*

Matthew F. Prewitt

*Counsel for the Town of Oyster Bay*

cc: All counsel of record (via ECF).